1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,      )    1:09-cv-00007-OWW-SMS
                                   )
12              Plaintiff,         )    ORDER VACATING HEARING ON
                                   )    PLAINTIFF'S MOTION FOR DEFAULT
13  vs.                            )    JUDGMENT AND DEEMING MATTER
                                   )    SUBMITTED FOR DECISION (DOC.
14  The Contents of Wells Fargo    )    24)
    Bank Investment Account No.    )
15  1687332 in the Name of Johanna )    **Vacated hearing date:**
    Leal, et al.,                  )    **October 30, 2009**
16                                 )    **Time: 9:30 a.m.**
                Defendant.         )
17  _____ )    FINDINGS AND RECOMMENDATIONS
                                        RE: PLAINTIFF'S MOTION FOR
18                                      DEFAULT JUDGMENT (Doc. 24)

19                                      ORDER DIRECTING PLAINTIFF TO
                                        SERVE THESE FINDINGS AND
20                                      RECOMMENDATIONS ON ALL
                                        POTENTIAL CLAIMANTS AND FILE A
21                                      PROOF OF SERVICE

22

23

24
         Plaintiff is proceeding with an action for forfeiture in
25
    this Court. Pending before the Court is Plaintiff's ex parte
26
    motion for default judgment, filed on August 7, 2009, with a
27
    supporting declaration of Elisa Rodriguez, which proceeds before
28

                                    1

1  a Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule
2  72-302(c)(19).

3      I. <u>Vacating the Hearing on the Motion</u>

4      Pursuant to Rule 78-230(h) of the Local Rules of Practice
5  for the United States District Court, Eastern District of
6  California, the Court finds that the Plaintiff's ex parte motion
7  for default judgment is a matter that may appropriately be
8  submitted upon the record and briefs, including the Plaintiffs'
9  motion, supporting memorandum of points and authorities, and
10 declaration of Elisa Rodriguez filed on August 7, 2009.

11     Accordingly, the hearing on the motion, presently set for
12 October 30, 2009, IS VACATED, and the motion IS DEEMED SUBMITTED
13 to the Court for decision.

14     II. <u>Service of the Findings and Recommendations</u>

15     The remainder of this document constitutes the Court's
16 findings and recommendations with respect to Plaintiff's motion
17 for default judgment.

18     Plaintiff IS DIRECTED to serve the findings and
19 recommendations on all potential claimants to Defendant property,
20 including Jorge Leal and Johanna Leal, and to file proof of such
21 service no later than ten days after the date of service of this
22 order.

23     III. <u>Motion for Default Judgment</u>

24          A. <u>Legal Standards</u>

25     A court has the discretion to enter a default judgment
26 against one who is not an infant, incompetent, or member of the
27 armed services where the claim is for an amount that is not
28 certain on the face of the claim and where (1) the defendant has

2

1  been served with the claim; (2) the defendant's default has been

2  entered for failure to appear; (3) if the defendant has appeared

3  in the action, the defendant has been served with written notice

4  of the application for judgment at least three days before the

5  hearing on the application; and, (4) the court has undertaken any

6  necessary and proper investigation or hearing in order to enter

7  judgment or carry it into effect. Fed. R. Civ. P. 55(b); Alan

8  Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th

9  Cir. 1988). Factors that may be considered by courts in

10  exercising discretion as to the entry of a default judgment and

11  as to setting aside a default include the nature and extent of

12  the delay, Draper v. Coombs, 792 F.2d 915, 924-925 (9th Cir.

13  1986); the possibility of prejudice to the plaintiff, Eitel v.

14  McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986); the merits of

15  plaintiff's substantive claim, id.; the sufficiency of the

16  allegations in the complaint to support judgment, Alan Neuman

17  Productions, Inc., 862 F.2d at 1392; the amount in controversy,

18  Eitel v. McCool, 782 F.2d at 1471-1472; the possibility of a

19  dispute concerning material facts, id.; whether the default was

20  due to excusable neglect, id.; and, the strong policy underlying

21  the Federal Rules of Civil Procedure that favors decisions on the

22  merits, id.

23      With respect to default judgments in proceedings that are in

24  rem actions for forfeiture, both the general Federal Rules of

25  Civil Procedure and the Supplemental Rules for Certain Admiralty

26  and Maritime Claims (Supp. R.) apply, but the latter rules

27  prevail if there is an inconsistency. Supp. R. A(1). Supp. R.

28  G(1) provides that the rule governs a forfeiture action in rem

3

1 arising from a federal statute; to the extent that Rule G does

2 not address an issue, Supp. Rules C and E also apply.

3 Supplemental Rule G, which took effect on December 1, 2006,

4 incorporates a common-sense approach to notice grounded in

5 defined and recognized principles of due process of law. Supp.

6 Rule G, Adv. Comm. Note on 2006 Adoption. The Advisory Committee

7 Note indicates that the rule was added to bring together the

8 central procedures governing civil forfeiture actions; it also

9 states that the rule generally applies to actions governed by the

10 Civil Asset Forfeiture Reform Act of 2000 (CAFRA) as well as

11 those excluded from it; thus, the intended scope of application

12 is very broad. The rule permits flexibility as to the time of

13 service of any warrant and supplemental process. Id. The

14 provisions for notice incorporate the traditional means of

15 publication and adopt the general principle that notice should be

16 effectuated by means reasonably calculated to reach potential

17 claimants at a cost reasonable in the circumstances, and actual

18 notice precludes a challenge to the government's failure to

19 comply with the specific requirements of the rule set forth in

20 Rule G (4)(b). Id.

21           B. The Court's Findings

22                1. Notice

23      The amended declaration of publication of Elisa Rodriguez

24 (Doc. 25) filed on August 7, 2009, establishes that a notice with

25 the contents required by Supp. R. G(4)(a) was published on the

26 official government internet site for thirty consecutive calendar

27 days as required by Supp. R. G(4)(a)(iv)(C).

28      With respect to the notice to persons reasonably appearing

4

to be potential claimants that is required by Supp. R. G(4)(B),
the verified complaint identifies Defendant currencies as money
or other things of value furnished or intended to be furnished in
exchange for a controlled substance or listed chemical, proceeds
traceable to such an exchange, or proceeds used or intended to be
used to facilitate one or more violations of 21 U.S.C. § 841
et seq. (Cmplt. ¶ 1.) One of the Defendant accounts is in the
name of Johanna Leal. The other was seized as a result of
investigation and surveillance of Jorge Leal and his activities
with respect to selling and distributing methamphetamine, Jorge
Leal's instructions to Johanna Leal with respect to information
to be given to law enforcement concerning the source of the money
in Defendant accounts, and the search in August 2008 of Johanna
and Jorge Leal's residences. (Cmplt. ¶¶ 1-11.)

    With respect to Jorge Leal, the declaration of Elisa
Rodriguez and the Marshal's return of service (Doc. 24-2, ¶ 4,
Ex. B) establish that Jorge Leal was personally served with the
pertinent documents on January 26, 2009. Thus, the notice to
Jorge Leal complied with the requirements of Supp. R. G(4)(b).

    With respect to Johanna Leal, it does not appear that she
received notice amounting to service under Fed. R. Civ. P. 4.
However, she was given notice that complies with Supp. Rule G(4)
or constitutes actual notice that forecloses objection to the
notice given. However, the Marshal's certificate of service
reflects that the appropriate documentation was delivered by the
Marshal to the porch of the house at the Pittman address, the
last-known address of Johanna Leal on January 22, 2009. (Doc.
10.) This notice was sent by means reasonably calculated to reach

Leal.

Further, the internal documentation of the United States attorney's Office and the Marshal's Service are consistent with the receipt of actual notice. The supporting declaration of Elisa Rodriguez, ¶ 5, Ex. C, reflects that the government granted Johanna Leal's request for an extension of time to March 6, 2009, in which to file a claim and answer in this forfeiture action.

The Court finds that Jorge Leal was personally served as required by Local Rule A-540(a), and the other potential claimant received actual notice and thus, pursuant to Supp. R. G(4)(b)(v), may not oppose or seek relief from forfeiture because of a failure of notice.

The Court concludes that Plaintiff has demonstrated that it has given notice by publication and the notice required to be given to potential claimants by Rule G(4).

2. <u>Notice of Judgment Sought and of Motion for Default Judgment</u>

a. <u>Judgment Sought</u>

The Court concludes that the notice given of the judgment sought satisfied Fed. R. Civ. P. 55(d) and 54(c), which require that a judgment by default shall not be different in kind from the relief sought, or exceed in amount that prayed for, in the demand for judgment. Plaintiff expressly sought in the complaint the types of relief sought by the instant application for default judgment, including a judgment of forfeiture of the Defendant currency to the Plaintiff United States. (Cmplt. p. 5.)

b. <u>Motion for Default Judgment</u>

The application for default judgment before the Court was

1  filed on an ex parte basis and thus was not served on the

2  Defendant property or on any persons who might reasonably appear

3  to be potential claimants.

4       Here, although there was informal contact between the

5  government and potential claimant Johanna Leal, the contact

6  related only to an extension of time to file any claim or answer.

7  No claim or answer was filed, and there are no later indications

8  that Johanna or any other potential claimant sought or intended

9  to defend this action on the merits. Accordingly, no notice

10 pursuant to Fed. R. Civ. P. 55(b)(2) is necessary. <u>See</u>, <u>In re</u>

11 <u>Roxford Foods v. Ford</u>, 12 F.3d 875, 879-81 (9th Cir. 1993).

12                 3. <u>Default and Entry of Default</u>

13      The declarations and the Court's docket demonstrate that no

14 person or entity made a claim or answered the complaint within

15 the requisite thirty-day period for filing a claim of 18 U.S.C. §

16 983(a)(4)(A) and Supp. R. G(5), and/or within the twenty-day

17 period set forth in Supp. R. G(5) for filing an answer

18 thereafter. Therefore, the Clerk appropriately entered the

19 defaults of Jorge and Johanna Leal on April 1, 2009.

20             4. <u>Legal Sufficiency of the Complaint</u>

21                    a. <u>Legal Standards</u>

22      A default judgment generally bars the defaulting party from

23 disputing the facts alleged in the complaint, but the defaulting

24 party may argue that the facts as alleged do not state a claim.

25 <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392.

26 Thus, well pleaded factual allegations, except as to damages, are

27 taken as true; however, necessary facts not contained in the

28 pleadings, and claims which are legally insufficient, are not

                                 7

established by default. <u>Cripps v. Life Ins. Co. of North America,</u> 980 F.2d 1261, 1267 (9th Cir. 1992); <u>TeleVideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987).

Under the Civil Asset Forfeiture Reform Act (CAFRA), which applies to this case, the government must prove by a preponderance of evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1). Further, if the government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the government shall establish that there was a substantial connection between the property and the offense. § 983(c)(3).

Supp. Rule G(2) requires that the complaint in a forfeiture action in rem arising from a federal statute be verified; state the grounds for subject-matter jurisdiction, in rem jurisdiction over the Defendant property, and venue; describe the property with reasonable particularity; identify the statute under which the forfeiture action is brought; and state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

b. <u>The Complaint</u>

The complaint filed in this action was verified. (Cmplt p. 6.)

The bases for jurisdiction are identified as 28 U.S.C. §§ 1345 and 1355 (jurisdiction of civil proceedings commenced by the United States or an agency or officer thereof, and of actions to recover or enforce penalties or forfeitures under acts of Congress, respectively) and 21 U.S.C. § 881(a)(6) (subjecting to

1  forfeiture, among other things, all things of value furnished or
2  intended to be furnished by any person in exchange for a
3  controlled substance or listed chemical, and all proceeds
4  traceable to such an exchange). (Cmplt. ¶¶ 1-3.)

5      The bases of venue are identified as 28 U.S.C. § 1395
6  (placing venue for a civil forfeiture proceeding where the
7  property is found) and 21 U.S.C. § 881(j) (placing venue in the
8  place where there is found the owner of property who is charged
9  with a violation that is the basis for forfeiture of the property
10  or where the criminal prosecution is brought). (Cmplt. ¶ 4.)

11      The property is described with reasonable particularity.

12      It is stated that the Plaintiff United States proceeds
13  pursuant to 21 U.S.C. § 881(a)(6), and that the Defendant
14  properties, seized in August 2008 in Clovis, California,
15  constitute things of value furnished or intended to be furnished
16  in exchange for a controlled substance of listed chemical,
17  proceeds traceable to such an exchange, and/or things used or
18  intended to be used to facilitate one or more violations of 21
19  U.S.C. § 841 et seq. (Cmplt. ¶¶ 1-2.)

20      In the complaint there are alleged sufficiently detailed
21  facts to support a reasonable belief that the government would be
22  able to meet its burden of proof at trial. The complaint detailed
23  two controlled buys of large quantities of methamphetamine from
24  Jorge Leal at his residence in December 2007 involving $11,000.00
25  and $16,000.00 worth of crystal methamphetamine; follow-up
26  investigation and surveillance; and a search of the two
27  residences of the Leals, which revealed over seventeen grams of
28  methamphetamine and a loaded firearm at the Barstow residence,

and materials concerning manufacture of methamphetamine at the Pittman Hill Road residence. (Cmplt. ¶¶ 5-12.) EDD records revealed that Jorge Leal had not worked for two years, his wife, Elisa, had been receiving disability compensation for the past year, and daughters Johanna nor Vanessa had not worked for two years; tax documents, public records, and evidence at the homes revealed that the Leal family would not be able to afford luxury vehicles without drug proceeds as income. (Cmplt. ¶ 13.)

These facts support a reasonable inference that the moneys in the Defendant accounts were subject to forfeiture as proceeds, as property traceable to proceeds, or as property intended to be used to facilitate other violations. The totality of the circumstances reflects that a substantial connection between the property and the related drug offenses (violations of 21 U.S.C. §§ 841()(1) and 841(b)(1)(A)) was demonstrated.

## 5. Status of Potential Claimants and Discretionary Factors

Here, no one has claimed an interest in the Defendant property or otherwise responded to the complaint despite adequate notice. It does not appear that there is any risk of mistake or excusable neglect on the part of anyone with a potential interest in the property or of a dispute as to a material fact essential to the government's case. No just cause for delay appears. It is apparent from the declarations submitted to the Court that none of the potential claimants is an infant, incompetent, or member of the armed services. There does not appear to be any reason why the general policy in favor of a decision on the merits would warrant refusing to enter the requested default judgment.

1    Accordingly, the Court finds that Plaintiff has shown its
2  entitlement to a default judgment of forfeiture.

3                    6. <u>Form of the Judgment</u>

4    A successful plaintiff in a forfeiture action is entitled to
5  a judgment against the property, <u>Waterloo Distilling Corp. v.</u>
6  <u>U.S.</u>, 282 U.S. 577, 581 (1931), affecting the interests of all
7  persons in the property, <u>Hanson v. Denkla</u>, 357 U.S. 235, 246 n.12
8  (1958).

9    IV. <u>Recommendation</u>

10   Accordingly, it is hereby RECOMMENDED that:

11   1. Plaintiff's motion for default judgment be GRANTED;

12   2. Plaintiff is entitled to, and the Clerk be directed to
13  enter, a judgment that:

14        (a) The interest/s of Jorge Leal and Johanna Leal in
15  the Defendant property are CONDEMNED and FORFEITED to the United
16  States of America; and

17        (b) The right, title, and interest of all potential
18  claimants in the Defendant property, including but not limited to
19  Jorge Leal and Johanna Leal, are FORFEITED to the United States
20  of America pursuant to 21 U.S.C. § 881(a)(6), and are VESTED in
21  the United States; and,

22        (c) All persons claiming any right, title, or interest
23  in or to the Defendant property have DEFAULTED and no longer have
24  any right, title, or interest in the Defendant property
25  whatsoever; and,

26   3. The Clerk of Court ENTER final judgment of forfeiture for
27  Plaintiff United States of America.

28   These findings and recommendation are submitted to the

1   United States District Judge assigned to the case, pursuant to
2   the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of
3   the Local Rules of Practice for the United States District Court,
4   Eastern District of California. Within **thirty (30) days** after
5   being served with a copy, any party may file written objections
6   with the court and serve a copy on all parties. Such a document
7   should be captioned "Objections to Magistrate Judge's Findings
8   and Recommendation." Replies to the objections shall be served
9   and filed within ten (10) <u>court</u> days (plus three days if served
10  by mail) after service of the objections. The Court will then
11  review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
12  (b)(1)(C). The parties are advised that failure to file
13  objections within the specified time may waive the right to
14  appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
15  1153 (9th Cir. 1991).
16  IT IS SO ORDERED.

17  **Dated:    October 26, 2009**              **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE
18
19
20
21
22
23
24
25
26
27
28